17-4050-ag
*Gulbushan Rai v. Barr*

BIA
Douchy, IJ
A200 812 724

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GULBUSHAN RAI,
                    *Petitioner*,

            -v-                                    17-4050-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
                    *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                    Jaspreet Singh, Law Office of Jaspreet Singh,
                                   Jackson Heights, New York.

FOR RESPONDENT:                    Michele Y. F. Sarko, Trial Attorney (Cindy S.
                                   Ferrier, Assistant Director, *on the brief*), *for*
                                   Joseph C. Hunt, Assistant Attorney General,
                                   Office of Immigration Litigation, Civil
                                   Division, United States Department of Justice,
                                   Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the petition for review is **GRANTED**.

Petitioner Gulbushan Rai, a native and citizen of India, seeks review of a

November 27, 2017, decision of the BIA affirming a March 1, 2017, decision of an

Immigration Judge ("IJ") denying Rai's application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). *In re Gulbushan Rai*, No. A200

812 724 (B.I.A. Nov. 27, 2017), *aff'g* No. A200 812 724 (Immig. Ct. N.Y. City Mar. 1, 2017).

We assume the parties' familiarity with the underlying facts and procedural history in

this case.

In the instant appeal, we review the IJ's decision as modified by the BIA

and address only the grounds for the adverse credibility determination relied on by the

BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We

review the agency's adverse credibility determination for substantial evidence. *Hong Fei*

*Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The governing REAL ID Act credibility

standard provides as follows:

> Considering the totality of the circumstances, and all
> relevant factors, a trier of fact may base a credibility
> determination on . . . the consistency between the applicant's
> or witness's written and oral statements . . . , the internal
> consistency of each such statement, [and] the consistency of
> such statements with other evidence of record . . . without
> regard to whether an inconsistency, inaccuracy, or falsehood
> goes to the heart of the applicant's claim.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless,

from the totality of the circumstances, it is plain that no reasonable fact-finder could

make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d

Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that the agency has not

identified substantial evidence to support the adverse credibility determination.

Rai's application and testimony describe two 2010 attacks by members of

the Shiromani Akali Dal Badal Party (the "Badal Party"), a political party in India. Rai

alleges that as a result of his membership in a different political party, members of the

Badal Party attacked him and his family. The agency based its adverse credibility

determination on two omissions from Rai's credible fear interview that he later

elaborated on in his asylum application and testimony. First, at his credible fear

interview, Rai did not tell the asylum officer that a police officer was one of the

individuals who harmed him and attacked his parents. Second, Rai did not describe a

police raid on his uncle's home. Instead, Rai focused on his own assaults and the fact

3

that his parents were attacked in their home because of his political activities. Although the agency may consider material omissions, *see Xiu Xia Lin*, 534 F.3d at 167, where the omitted information supplements rather than contradicts prior statements, the omissions do not necessarily provide substantial support for an adverse credibility determination, *Hong Fei Gao*, 891 F.3d at 78 ("[O]missions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." (quotation marks and citation omitted)).

Here, because Rai's more detailed asylum application and testimony do not contradict his statements during his credible fear interview but rather supplement his prior statements, the agency erred by not distinguishing between an omission that tends to show fabrication of a claim and an omission that may "arise merely because an applicant's oral testimony is more detailed." *Id.* at 82 (quotation marks omitted). Rai's omissions were "supplementary, not contradictory," and therefore do not provide substantial support for an adverse credibility determination. *Id.* at 79.

The agency's remaining findings do not provide substantial evidence for the adverse credibility determination because they are insufficient, on their own, to render Rai not credible under the "totality of the circumstances." *Cf. Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting § 1158(b)(1)(B)(iii))). First, the agency found

4

Rai's testimony regarding his passport confusing and contradictory, but did not describe why it rejected Rai's explanation that he obtained the passport as a form of identification. Although Rai made inconsistent statements about when he first obtained the passport, that inconsistency alone is not substantial evidence for the adverse credibility determination.

Second, the agency erred in concluding that Rai's corroborating documentary evidence, which consisted of letters from his family and neighbor largely supporting Rai's claim that he was attacked due to his membership in a political party and medical certificates confirming his hospitalization after the 2010 attacks, did not rehabilitate his asylum claim. Indeed, the agency failed to even mention the medical certificates, even though they were in the record. In light of the errors identified above, the agency's corroboration finding is not sufficient to support the adverse credibility determination. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[W]hile a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination.").

Considering the record as a whole, the agency placed undue weight on the above omissions. *See Hong Fei Gao*, 891 F.3d at 79. Rai provided a detailed written statement and testimony consistent with his credible fear interview regarding the events in 2010 that caused him to leave India. He corroborated his claim with letters

5

from his family and neighbor confirming his fear of persecution based on his political opinion and medical certificates confirming his hospitalization after these 2010 attacks. Accordingly, we grant the petition and remand the case for the agency to reconsider its adverse credibility ruling under the standard set forth in *Hong Fei Gao* (which was decided after the agency's decisions below). *Id.* at 77; *see also Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) ("When the agency has denied asylum and related relief on credibility grounds, we can (and we will) affirm only if (a) the agency offered a clearly independent and sufficient ground for its ruling, one that is not affected by any erroneous adverse credibility findings, or (b) the evidentiary record includes statements that are so inconsistent that we can be confident that the agency would not accept any kind of explanation.").[1]

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the BIA's decision, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because Rai's eligibility for withholding of removal and relief under the Convention Against Torture were based on the same factual predicate, we also remand for the district court for further proceedings consistent with this order.